UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NEVA O.,

          Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

          Defendant.

CASE NO. C19-5903-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1977.[1] She completed high school and some college (AR 63) and has past relevant work as a hotel/motel clerk and as a security officer (AR 78-79, 486).

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

Plaintiff protectively filed an SSI application on September 10, 2012, alleging disability beginning June 23, 2012. (AR 266.) The application was denied initially and on reconsideration.

On July 2, 2014, ALJ Steve Lynch held a hearing, taking testimony from plaintiff and a vocational expert (VE). (AR 60-81). On July 17, 2014, the ALJ issued a decision finding plaintiff not disabled as of the September 2012 application date. (AR 105-114.)

Plaintiff timely appealed. The Appeals Council granted plaintiff's request for review in December 2015 (AR 119-23), remanding the case for further proceedings. ALJ Lynch held a second hearing on June 14, 2016, taking testimony from plaintiff, a medical expert, and a VE. (AR 38-59.) On July 28, 2016, the ALJ issued a decision finding plaintiff not disabled. (AR 12-37.) Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review in July 2017. (AR 1-6.) Plaintiff appealed this final decision of the Commissioner to this Court, which reversed and remanded on June 22, 2018 for further consideration of the opinion of Dr. James Nakashima and, if necessary, the subjective testimony and that of the lay witness. (AR 579-88.)

On March 19, 2019, ALJ Richard Geib held another hearing, taking testimony from plaintiff and a VE. (AR 496-548.) On May 30, 2019, the ALJ issued a decision finding plaintiff not disabled. (AR 474-88.) Plaintiff timely appealed to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the application date. At step two, it must be

determined whether a claimant suffers from a severe impairment. The ALJ found severe plaintiff's fibromyalgia and dizziness of unknown cause. The ALJ noted plaintiff's complaints of polyarthralgia with inflammatory component and a diagnosis of rheumatoid arthritis, but included any pain complaints in the diagnosis of fibromyalgia. The ALJ found the record did not establish a medically determinable impairment of obesity. The ALJ found plaintiff's asthma non-severe, but nevertheless included some environmental limitations in the RFC. The ALJ found plaintiff's medically determinable mental impairments non-severe, but did conduct the "paragraph B" mental function analysis for purposes of the sequential analysis functional capacity finding. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listing.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work as defined in 20 C.F.R. § 416.967(b) with the following limitations: plaintiff can frequently push and pull as much as she can lift and carry; she can occasionally climb ramps and stairs and never climb ladders, ropes, and scaffolds; she can occasionally balance, stoop, kneel, crouch, and crawl; she can frequently handle and finger bilaterally; and she should avoid even moderate exposure to extreme heat and cold, vibration, fumes, odors, dusts, gasses, and work hazards, such as dangerous moving machinery and unprotected heights. With this RFC, the ALJ found plaintiff able to perform past relevant work as a hotel/motel clerk and as a security officer.

The ALJ also proceeded in the alternative to step five. If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an

ORDER
PAGE - 3

adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs, such as furniture rental consultant and cashier II. The ALJ made an additional alternative step five finding, assuming hypothetically plaintiff's mental impairments to be severe and requiring a limitation to simple, routine tasks and occasional public contact. With those additional limitations, plaintiff could perform the jobs of car wash attendant and motel cleaner. Finding plaintiff able to perform both her past relevant work and alternative work, the ALJ found plaintiff not disabled.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff avers error in relation to the opinion of Dr. Nakashima, her symptom testimony, and lay witness testimony. She requests remand for an award of benefits. The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Symptom Testimony</u>

Absent evidence of malingering, an ALJ must provide specific, clear, and convincing reasons to reject a claimant's subjective symptom testimony. *Burrell v. Colvin*, 775 F.3d 1133,

1136-37 (9th Cir. 2014). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). In considering the intensity, persistence, and limiting effects of a claimant's symptoms, the ALJ "examine[s] the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." Social Security Ruling (SSR) 16-3p.[2]

The ALJ discounted plaintiff's subjective allegations for several reasons, including: (1) improvement of plaintiff's symptoms with medication and the stability of her fibromyalgia symptoms on medication; (2) the lack of positive signs of chronic pain in the record; (3) no objective evidence of deficits in memory or concentration; and (4) plaintiff's failure to follow her providers' recommendations to engage in regular exercise. Plaintiff argues these reasons are not clear and convincing.[3]

First, plaintiff contends the ALJ erred in finding the record shows improvement and her fibromyalgia symptoms were stable on medication, arguing the record shows ongoing difficulties.

---

[2] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

[3] Plaintiff argues the ALJ failed to state what specific testimony was found not credible, but the ALJ did not find plaintiff's allegations completely inconsistent with the record. Rather, the ALJ found the record not supportive of a more restrictive RFC than assessed. (AR 481-82.) Contrary to plaintiff's contention, the ALJ's findings were sufficiently specific and the path of his reasoning was clear. *Cf. Brown-Hunter v. Colvin,* 806 F.3d 487, 493-94 (9th Cir. 2015) (finding legal error where ALJ failed to identify the testimony found not credible or to link testimony to the parts of record supporting the non-credibility determination, and instead stated "only that she found, based on unspecified claimant testimony and a summary of medical evidence, that 'the functional limitations from the claimant's impairments were less serious than she has alleged'")

ORDER
PAGE - 5

The ALJ, however, did acknowledge plaintiff experienced continuing fibromyalgia symptoms with complaints of pain. An ALJ properly considers evidence of improvement associated with treatment. 20 C.F.R. § 404.1529(c)(3), SSR 16-3p; *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (favorable response to conservative treatment undermined allegation of disabling nature of pain); and *Morgan v. Commissioner of the SSA*, 169 F.3d 595, 599-600 (9th Cir. 1999) (contrary to plaintiff's claimed lack of improvement, physician reported symptoms improved with use of medication). Plaintiff cites Dr. Nakashima's July 2015 treatment note showing ongoing difficulties with increasing pain in her right leg and aching and occasional numbness in her feet, as well as other symptoms. The ALJ specifically discussed that treatment note, which also reported plaintiff to have well tolerated moving and lifting boxes and the improvement of plaintiff's fibromyalgia with Cymbalta. (AR 445, 481.) Plaintiff cites records showing evidence of multiple positive fibromyalgia tender points, but the diagnosis of fibromyalgia is not disputed – the ALJ found it severe at step two, and specifically included all complaints of pain regardless of specific diagnosis. (AR 478.) Plaintiff notes entries in her medical records showing changes in medication, but the record also shows some of the medications, including Cymbalta and Lyrica, appeared to be stabilizing her fibromyalgia. (AR 443.) Indeed, the records seem to corroborate this conclusion, since plaintiff's fibromyalgia symptoms returned when she discontinued them after appendix surgery and she returned to Dr. Crane to get the medications restarted. (AR 695.) After plaintiff resumed taking the medications, Dr. Crane noted plaintiff was doing well. (AR 715.) Other medical records cited by the ALJ support the finding medication helped plaintiff's symptoms. (*See, e.g.,* AR 452, 909.)

The ALJ bears the responsibility for assessing symptom testimony, resolving conflicts in the medical evidence, and resolving any ambiguities. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). *Accord Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008); *Thomas*, 278 F.3d at 956-57. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan*, 169 F.3d at 599. Here, the ALJ's different interpretation of the record is at least equally rational to that offered by plaintiff and therefore must be upheld.

Plaintiff next contends the ALJ erred by citing a lack of any positive signs of chronic pain, suggesting a lack of understanding of fibromyalgia by the ALJ. The Commissioner argues the grossly normal musculoskeletal and neurologic examinations support the ALJ's conclusion that plaintiff's conditions improved and were reasonably controlled with treatment, rather than corroborating plaintiff's claim of disabling limitations. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (ALJ "is entitled to draw inferences logically flowing from the evidence.") The Commissioner's suggestion is plausible, but the Court agrees the reason for the ALJ's citation of this lack of findings is not clear. At any rate, any error in this regard is harmless since the ALJ acknowledged the diagnosis of fibromyalgia and related pain complaints, although not to the disabling extent asserted by plaintiff. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination.'"; the Court looks to "the record as a whole to determine whether the error alters the outcome of the case.") (cited sources omitted). Further, the ALJ gave other, valid reasons for not giving full weight to plaintiff's subjective testimony. *Carmickle*, 533 F.3d at 1162-63 (where

ALJ provides specific reasons supporting an assessment and substantial evidence supports the conclusion, an error in the assessment may be deemed harmless).

Although plaintiff testified to experiencing memory loss (AR 517-18), the ALJ found a lack of objective evidence of concentration or memory deficits. Plaintiff contends this finding was unreasonable since the ALJ fails to point to any objective psychological testing being conducted. However, plaintiff bears the burden of proving she is disabled. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995)).

Plaintiff also disputes the ALJ's reliance on her failure to engage in regular exercise, contending the ALJ did not point to evidence her providers were regularly recommending exercise. To the contrary, the medical records cited by the ALJ contain multiple references to this recommendation. (*See, e.g.,* AR 922-23, 930.) The ALJ appropriately considered an unexplained or inadequately explained failure to follow a prescribed course of treatment. *See Tommasetti*, 533 F.3d at 1039 (9th Cir. 2008) (ALJ permissibly inferred that the claimant's pain was not as disabling as alleged "in light of the fact that he did not seek an aggressive treatment program and did not seek an alternative or more-tailored treatment program after he stopped taking an effective medication due to mild side effects.")

The Court, in sum, finds the ALJ provided legally sufficient reasons for assessing plaintiff's subjective symptom testimony.

Lay Witness Testimony

The ALJ may discount the testimony of lay witnesses by providing reasons germane to each witness. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Plaintiff argues the ALJ failed to provide specific and germane reasons for not crediting the lay witness testimony of plaintiff's friend and father of two of her children, Gus Randall, her cousin Tara Koontz, and her mother.

The ALJ gave little weight to the opinion of Gus Randall, finding it to conflict with the record as a whole. While Mr. Randall described difficulty with tasks such as walking, bending, stooping and other chores, the ALJ found plaintiff's musculoskeletal and neurologic exams grossly normal, with generally normal gait on exam and no evidence of the need for an assistive device for ambulation. (AR 485.) The undated letter provided by plaintiff's mother did not address plaintiff's functional capacity as such, while addressing complaints of joint and bone pain as expressed by plaintiff, so the ALJ gave it little weight. Likewise, the lay testimony of plaintiff's cousin was considered but given little weight based on conflict with the medical record, including the recommendation of regular exercise by plaintiff's medical providers, generally normal gait, and the lack of medical necessity for an assistive device for ambulation. Plaintiff argues these reasons are neither specific nor germane, but the Court finds otherwise. "One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citing *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)). Plaintiff fails to establish error in the consideration of the lay witness testimony.

<u>Medical Opinion of James Nakashima, MD</u>

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester*, 81 F.3d at 830. Where doctors' opinions are contradicted, as in this case, they may only be rejected with "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoted source omitted).

Plaintiff argues the ALJ failed to give specific and legitimate reasons to reject the opinions of treating rheumatologist, Dr. Nakashima about plaintiff's functional impairment. (AR 429-30, 436-37, 441, 822.) The Court, however, finds no error in the ALJ's assessment.

ORDER
PAGE - 9

The ALJ correctly notes that the four documents consisting of Dr. Nakashima's opinions regarding plaintiff's functional capacity are "brief, conclusory, and inadequately supported by clinical findings." (AR 484.) The first two records are check-box forms with the only written notation consisting of an observation of joint swelling and reduced range of motion, with multiple tender points. In response to a question on the form asking how many days per month plaintiff would likely miss work, the doctor checked the box indicating more than four days, citing frequent flares of plaintiff's arthritis. (AR 430, 437.) The next two opinions are even more brief, consisting only of a checked box affirming his prior opinions without any explanation. (AR 441, 822.) "[T]he ALJ may 'permissibly reject[ ] . . . check-off reports that [do] not contain any explanation of the bases of their conclusions.'" *Molina*, 674 F.3d at 1111 (quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). *See also Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) ("[T]he regulations give more weight to opinions that are explained than to those that are not.")

Plaintiff disputes the ALJ's conclusion that Dr. Nakashima's opinions are not consistent with the record as a whole, arguing the ALJ pointed to negative findings not dispositive of a fibromyalgia diagnosis. Plaintiff, however, misapprehends the ALJ's finding. Again, the fibromyalgia diagnosis is not in dispute – the ALJ found the condition severe at step two, and considered all of plaintiff's pain complaints regardless of diagnosis. (AR 478.) In considering Dr. Nakashima's opinions regarding the degree of impairment due to plaintiff's fibromyalgia and arthritis, the ALJ noted inconsistencies with other records – including those generated by Dr. Nakashima – showing a lack of synovitis, swelling, edema, full strength, grossly normal musculoskeletal and neurologic exams with normal reflexes, muscle tone, coordination, strength, and sensation. Also, Dr. Nakashima's opinion that plaintiff would miss work on a regular basis conflicts with the record, which does not show a pattern of missed or failed appointments. (AR

484-85.) *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (rejecting physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record properly considered by ALJ in rejection of physician's opinions). Plaintiff does not demonstrate error in the ALJ's consideration of Dr. Nakashima's opinions.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 10th day of March, 2020.

s/ Mary Alice Theiler  
United States Magistrate Judge